

**ENTERED**
**05/01/2013**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| SAMUEL CHARLES BOYD, SR. and ) | CASE NO. 12-80400-G3-13 |
| DOROTHY BOYD, ) | |
| ) | |
| Debtors ) | |

### MEMORANDUM OPINION

The court held a hearing on the "Motion of Debtors To Determine Post-Petition Fees, Expenses Or Charges Due Per Bankruptcy Rule 3002.1(e) (doc. #58)" (Docket No. 59) filed by Samuel Charles Boyd, Sr. and Dorothy Boyd, Debtors. After consideration of the motion and the Response thereto (Docket No. 64), filed by US Bank National Association as Trustee for RASC 2007-KS2, its successors and/or assigns[1], the evidence, testimony and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered granting the motion in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

On August 2, 2012, Samuel Charles Boyd, Sr. and Dorothy Boyd ("Debtors") filed a voluntary joint petition and a proposed

---

[1] GMAC Mortgage, LLC is the servicer of the subject loan. US Bank National Association as Trustee for RASC 2007-KS2 is the current holder of the note.

plan under Chapter 13 of the Bankruptcy Code.  William E. Heitkamp was appointed as the Chapter 13 Trustee.  Debtors' proposed plan provided, in pertinent part, for payment of mortgage arrears in the amount of $16,000.00 over 60 months.  Docket Nos. 1 and 2; Creditor's Exhibit No. 3.

On October 5, 2012, US Bank National Association as Trustee for RASC 2007-KS2 ("Creditor") filed a proof of claim, in the amount of $96,263.34.  The proof of claim indicated that the claim was fully secured by real property located at 6610 South Ridgecrest Drive, Hitchcock, Texas, and that the claim included a prepetition arrearage of $24,713.19.  The proof of claim directed that payments be made to GMAC Mortgage, LLC.  Creditor's Exhibit No. 5.  On the same date, Creditor also filed an objection to confirmation of Debtors' plan on the basis that the plan understated the amount of arrears owed.  Docket No. 30; Creditor's Exhibit No. 6.

Debtors filed an Amended Plan on October 10, 2012 which provided for the correct amount of arrears.  Docket No. 31, Creditor's Exhibit No. 7.  Thereafter, on October 11, 2012, Creditor withdrew its objection to confirmation.  Docket No. 32, Creditor's Exhibit No. 8.  The Amended Plan was confirmed by order entered on December 10, 2012.  Docket No. 52.

On January 4, 2013, Creditor filed a "Notice of Postpetition Mortgage Fees, Expenses, and Charges."  In its Notice, Creditor asserts it incurred $425 in fees on October 10,

2012 for filing its proof of claim, $400 in attorney fees on October 10, 2012 for objecting to the plan, and $50 in fees on January 4, 2013 for preparation of a fee notice.  Docket No. 58; Creditor's Exhibit No. 9.

Debtors object to the Notice on the basis that the claimed fees, expenses and charges are not required by the underlying agreement and nonbankruptcy law to cure a default or maintain payments in accordance with section 1322(b)(5) of the Bankruptcy Code.  Debtors assert that the $400 charge for objecting to confirmation on October 5, 2012 was unnecessary and unreasonable because the proof of claim was filed on the same date.  Debtors contend that the proof of claim was deemed allowed when filed and resulted in the plan no longer being feasible, such that there was no need to also file an objection to confirmation.  Alternatively, Debtors allege that the amount charged is excessive and unreasonable.

Debtors object to the $425 charged for the proof of claim on the basis that the amount is excessive and unreasonable. Further, Debtors object to the $50 charge for preparing the Fee Notice as it is akin to providing an annual escrow statement. Debtors are correct that no fee should be charged to a debtor for filing the form providing Notice as a creditor has a duty under nonbankruptcy law to inform a debtor of amounts that come due under a mortgage.  See *In re Carr*, 468 B.R. 806 (Bankr. E.D.Va.,

3

2012). The court disallows the $50 charge for preparing the Notice.

Section 506(b) of the Bankruptcy Code allows an oversecured creditor to recover "reasonable fees, costs, or charges provided for under the agreement." Schedule A reflects that Debtors value the property at $125,600 and the approximate total debt owed, as of the petition date, is $96,263.34. The court finds that Creditor is oversecured. The underlying agreement between Debtors and Creditor, a Texas Home Equity Security Instrument, provides that the Creditor may do and pay for whatever is reasonable or appropriate to protect its interest in the property and rights under the Security Instrument, including incurring reasonable attorney's fees. The agreement also provides that such disbursements shall become additional secured debt under the agreement. Creditor's Exhibit No. 1, Security Instrument, Page 9, Paragraph 9(C).

Anh P. Nguyen, counsel for the Creditor, testified that her firm, Pite Duncan, LLP, charges flat rate fees of $425 for filing a proof of claim and $400 for objecting to confirmation. She testified that the preparation and filing of a proof of claim involves: reviewing and analyzing the case docket to determine the status of the bankruptcy case and whether any other proceedings were filed that would impact the creditor's interests; obtaining a copy of and reviewing the bankruptcy schedules and chapter 13 plan to ensure that the creditor's claim

was treated appropriately; reviewing and analyzing the loan documents and chain of title to verify that the lien is valid and properly protected; reviewing and analyzing the loan payment status, the escrow account, and any credits to determine the correct amount owed; preparing and filing the proof of claim with redaction of personal information; preparing and filing a Request for Special Notice to monitor the bankruptcy case. The court finds that the fixed fee of $425 for the services rendered by Pite Duncan to the Creditor for filing the proof of claim is reasonable.

Nguyen testified that an objection to confirmation was filed due to the discrepancy between the amount of arrears stated in the Debtors' plan and that stated in the Creditor's proof of claim. Debtors argue that, upon the filing of the proof of claim, the plan was no longer feasible and filing an objection was unnecessary. The "Uniform Plan and Motion For Valuation of Collateral" (Docket No. 2) provides that, unless a response is filed 5 days prior to the confirmation hearing, the court may adopt the valuation set forth in the plan. The court finds that, in the instant case, the filing of the objection to confirmation by the Creditor was reasonable and appropriate to protect its interest in the property and its rights under the Security Instrument.

Nguyen testified that the services rendered in connection with the objection to confirmation included:

reviewing and analyzing the case docket to determine the status of the bankruptcy case and whether any other proceedings were filed that would impact the creditor's interests; obtaining a copy of and reviewing the chapter 13 plan; and drafting, preparing, and filing the objection.  Pite Duncan's invoice reflects that services were rendered on October 5, 2012 in connection with the proof of claim and the objection to confirmation, both of which were filed on this same date. Creditor's Exhibit No. 12.  The court finds that the services rendered in connection with the objection, other than the drafting, preparing and filing, are the same as, and duplicate, the services rendered in connection with the proof of claim.[2] Testimony of Nguyen; Affidavit of Anh P. Nguyen, Creditor's Exhibit No. 14.  In light of the duplication, the court finds that a reasonable fee for drafting, preparing and filing the objection to confirmation is $200.

## Conclusions of Law

Bankruptcy Rule 3002.1 provides in pertinent part:

> (c) Notice of fees, expenses, and charges.  The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are

---

[2] Duplicate services in connection with the objection to confirmation and the proof of claim consist of: reviewing and analyzing the case docket to determine the status of the bankruptcy case and whether any other proceedings were filed that would impact the creditor's interests; and obtaining a copy of and reviewing the chapter 13 plan.

> recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.
>
> (d) Form and content. A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f).
>
> (e) Determination of fees, expenses, or charges. On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

Rule 3002.1, Fed. R. Bankr. P.

Rule 3002.1(e) calls upon the court to make a determination of whether payment of a fee, expense, or charge is "required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments."

Section 506 of the Bankruptcy Code provides in pertinent part:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

To recover fees and costs in addition to its secured claim pursuant to section 506, the burden of proof is on the

oversecured creditor to show that such fees and costs are reasonable.  In determining whether fees are reasonable within the meaning of the bankruptcy statute, the court must determine whether the creditor took the kinds of actions that similarly situated creditors might reasonably conclude should be taken under the circumstances and that the fees and costs claimed are reasonable amounts to charge for the services rendered.  *See In re Valdez,* 324 B.R. 296 (Bankr. S.D. Tex. 2005) citing *Coward v. AC & S, Inc.*, 91 Fed.Appx. 919 (5th Cir. 2004) and *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).

Based on the foregoing, a separate Judgment will be entered granting, in part, the "Motion of Debtors To Determine Post-Petition Fees, Expenses Or Charges Due Per Bankruptcy Rule 3002.1(e) (doc. #58)" (Docket No. 59) filed by Samuel Charles Boyd, Sr. and Dorothy Boyd, Debtors.

Signed at Houston, Texas on this 1st day of May, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE